1813.

Mudd
vs
Mudd

occur, both Dr. and Cr. before our accounts are finally closed; if so, you shall be informed." The defendant read this letter to prove, that before the time of bringing this action, the plaintiff had caused himself to be insured on the said cargo by *The New York Insurance Company,* named in the title of this cause as the persons for whose use the action was brought, and after the said capture, had abandoned the cargo to the said insurers, and had been by them paid for it. The defendant then prayed the opinion of the court, and their direction to the jury, that upon the said evidence the plaintiff was not entitled to recover. This direction the court, [*Hollingsworth,* A. J,] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BU‑CHANAN, NICHOLSON, EARLE, and JOHNSON, J.

*Harper,* for the Appellant.

*Martin* and *Stephen,* for the Appellee, contended, that the action was erroneously brought, that it should have been brought in the name of *The New York Insurance Company,* and not in the name of *Hollins,* (who had been paid,) for their use. They referred to *Marsh.* 519. ch. 14, s 4. *Burnes vs. Blackiston, et al.* 2 *Harr. & Johns.* 376; and *The Chesapeake Insurance Company vs. Stark,* 6 *Cranch,* 268.

JUDGMENT AFFIRMED.

---

DECEMBER.

## MUDD vs. MUDD.

In *assumpsit* for work and labour, &c. by P against D, it was proved that P and D agreed that P should build a house for D, and that after the house was built, if D should disagree as to P's bill, then two workmen should be selected to value the work. The house being built, two persons were selected by P and D, who measured and valued the work. *The Court* refused to direct the jury, that inasmuch as a special contract was proved, the action of *assumpsit* could not be supported, but that an action on the special contract was the proper remedy

APPEAL from *Charles* County Court. This was an action of *assumpsit* for work and labour done and performed, and for a *quantum meruit* for work and labour, &c. The general issue was pleaded. At the trial the plaintiff, (now appellee,) swore one *Richard V. Smith,* a legal and competent witness, who deposed, that previous to the institution of this suit the plaintiff, and the defendant, (now ap‑

pellant,) agreed that the plaintiff should build for the defendant a house, that after the house was built, if the defendant should disagree as to the plaintiff's bill, that then two workmen should be selected, one by each party, who should value the work. And he further gave in evidence, by a certain *Henry Green,* jun. and *Edward Boone,* legal and competent witnesses and workmen, that they, at the request of the plaintiff and defendant, on the 1st of January 1809, measured and valued the work done by the plaintiff for the defendant, under the contract as stated by *Smith,* the witness; and that they estimated it at $205 24. It was admitted that the house was finished before the institution of the suit. The defendant then prayed the court to direct the jury, that inasmuch as a special contract was proved between the parties, the action of *assumpsit* could not be supported; but that an action on the special contract was the proper remedy. This direction the Court, [*Key,* and *Clarke,* A. J.] refused to give. The defendant excepted; and the verdict being against him, he appealed to this court.

The cause was argued before BUCHANAN, NICHOLSON, EARLE, and JOHNSON, J. by

*T. Buchanan,* for the Appellant.

No Counsel appeared for the Appellee.

JUDGMENT AFFIRMED.

1813.

Gibson
vs
Kephart

---

## GIBSON vs. KEPHART.

APPEAL from *Frederick* County Court. Trespass for taking and carrying away rails. The defendant, (now appellee,) pleaded, 1. *Non cul.* 2. Property in the rails; and 3. A license to take them away. General replications, and issues joined. At the tri al the plaintiff offered in evidence a deed, dated the 20th September 1806, from the defendant to himself, for a parcel of land called the *Resurvey on Brother's Agreement;* and proved that the fence rails, to recover damages for the taking of which this suit was brought, were on the land at the time of executing the

DECEMBER.

K executed to G a deed for a parcel of land, on which were a quantity of fence rails, which R, after the deed, removed. G brought an action of trespass against K for taking and carrying away the fence rails, and K defended himself under his plea of a license to take them away, and proved at the trial, that in a conversation between him and G, before the deed was execut-

ed, G informed him that he would afterwards give him leave to move the rails whenever he should request him. Such testimony held to be admissible